Mr. Chief Justice Shaeeey
delivered the opinion of the court.'
Ford, the defendant in error, had recovered a judgment against James Cameron, for seven hundred and fifty-one dollars, on the 17th of September, 1845, and on the 12th of November, 1845,'had his execution levied on two negro men, which were claimed by Childress, who gave a bond to try the right according to the statute. A trial was had on issue joined, which resulted in a verdict that the negroes were liable to Ford’s execution, and that the claim of Childress was fraudulent. During the progress of the trial, a bill of exceptions was taken to the charges of the court, which also embodies the evidence. After verdict, the claimant moved for a new trial, and excepted to the opinion of the court in overruling his motion. The grounds relied on for a new trial were, first that the verdict was contrary to law and evidence; second, because the court misdirected the jury in the instructions set out in the first bill of exceptions; and third, because of the partiality of part of the jury.
We are not prepared to say that the verdict was contrary to law or to the evidence. On.the contrary, it seems to be in strict accordance with both.
But it is insisted, that a new trial should be granted because the court erred in giving the third and sixth instructions asked by the plaintiff in execution. The third charge was, that if the jury believed the sale made by Cameron to Childress was intended wholly or in part to defraud, hinder or delay creditors, the conveyance was void. The sixth charge contains the same proposition in substance. To these it is objected that they were too broad; that the sale was not void unless Childress was a participant in the scheme. We shall not controvert the doctrine, that a bona fide purchaser without notice, who has parted with his money, and has taken an absolute conveyance, will be protected in his purchase, although his vendor may have made the sale to hinder or delay creditors. But we find that the jury had been fully informed on this subject by the previous instructions given at the instance of the claimant, in which the court used this language, to wit, “ that unless the jury believe from *30 the evidence, that the contract of purchase was made by the claimant in fraud, they must find for him. That whatever they may believe of the fraudulent intent or ignorance of the defendant Cameron, unless they believe from the evidence that Childress was a party to, and participated in the fraud, they must find for the claimant.” The jury were thus distinctly informed in the outset, that Childress must have participated in the fraud, and the subsequent instructions were given in view of this principle of law. The charges must be construed together, and when all that the court said is taken into consideration, the principles of law were not extended too far.
The eighth instruction is also objected to. It is in these words, to wit, “that the jury can take into consideration facts which took place after the trade, which go to explain the intent of the parties when they made the trade.” To this there can be no valid objection. This was not a resort to subsequent facts to vitiate the trade, but to show the intention which operated on the parties when the contract was made.
The last ground taken in support of the motion for a new trial is, that two of the jurors had formed and expressed opinions against the validity of the claimant’s right. By his own affidavit, the claimant shows that he was ignorant of this fact until after the trial. He also shows that before the investigation commenced, each juror was called upon to state whether he had formed and expressed an opinion. It is shown by the affidavit of a third person, that one of the jurors had been repeatedly heard to declare, that the sale made by Cameron to Childress was fraudulent, and that the negroes levied upon ought to be made liable. For a similar expression of opinion, a new trial was granted in the case of Cody v. The State, 3 How. 27. And in the United States v. Fries, 3 Dallas, 515, a new trial was granted because one of the jurors had, before the trial, expressed his opinion as to the guilt of the prisoner. The sanctity of the trial by jury, requires that the jurors should be impartial and unbiased, and if it is afterwards ascertained that they were not so, the verdict should be set aside. We mean for the present only to apply this rule where, as in the present *31 case, the proper inquiries have been made to ascertain whether the jurors were competent. If a party chooses to go to trial without examining the jurors, the effect may be different.
Judgment reversed, and new trial awarded.